UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT COYLE, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>MANILAL MATHAI, *et al.*,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-5185<br>(JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

ALAN L. FRANK LAW ASSOCIATES, P.C.
By:  Alan L. Frank, Esq.
135 Old York Road
Jenkintown, PA 19046
        Counsel for Plaintiffs

SHERMAN TOPPIN LAW FIRM LLC
By: Sherman C. Toppin, Esq.
2112 Walnut Street, 4th Floor
Philadelphia, PA 19103
        Counsel for Defendants

**IRENAS**, Senior District Judge:

    Plaintiffs Robert Coyle, Jr., Apex Property Solutions LLC ("Apex"), and Brownstone Property Group LLC ("Brownstone") initiated this action to recover for an alleged breach of a Non-Disclosure Agreement.[1]  Defendants move to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

---

    [1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

1

**I.**

Plaintiff Coyle is the President of Apex and Brownstone, which provide real estate brokerage services. (Compl. ¶ 12.) Named as Defendants in this action are Manilal Mathai ("Mathai"), his wife, Daisy Mathai, and several entities of which Mathai is President, including MD Investment Group, Inc. ("MD"), GCG Investments, Inc. ("GCG"), GNE Properties I, Inc. ("GNE I"), and GNE Properties II ("GNE II")(collectively "the Entity Defendants"). (*Id.* ¶¶ 5-9, 15.)

On September 1, 2010, Coyle and Mathai entered into a Non-Disclosure Agreement (the "Agreement") to ensure the confidentiality of information exchanged "for the purpose of preliminary business discussions relating to: any and all Real Estate Business transactions." (*Id.* ¶¶ 16-17.) The Agreement prohibits Mathai from disclosing confidential information to third parties and also from "us[ing] or exploit[ing] the Confidential Information for [his] own business or for any other business in which [he is] involved in any capacity." (*Id.* Ex. A.)

Following execution of the Agreement, Coyle and Mathai entered into negotiations for the purchase of real estate whereby Coyle would act as the agent for the transaction through one of his brokerage agencies. (*Id.* ¶ 20.) The subject of the negotiations was 65 properties (the "Properties") owned by

Coyle's father, Robert N. Coyle, Sr., and several entities through which Coyle, Sr. did business. (*Id.*) The mortgage for the Properties was held by Nova Bank, d/b/a Pennsylvania Business Bank ("Nova Bank"), which in March 2009 obtained a judgment against Coyle, Sr. and several of his entities, and initiated foreclosure proceedings. (*Id.* ¶¶ 29, 32.) According to the Complaint, during these negotiations, Coyle revealed confidential information to Mathai, "including the identification of parties who had an interest, financial or otherwise, in the sale of the Properties." (*Id.* ¶¶ 26-27.)

On September 21, 2010, a letter of intent to purchase the Properties was executed by Mathai on behalf of GCG and by Coyle on behalf of Apex, the agent for the sale. (*Id.* ¶ 21; Ex. B.)

On October 19, 2010, a contract was executed for the sale of the Properties from Coyle, Sr. and his entities to GCG Investments, Inc. with Brownstone acting as the brokerage company and Coyle as the agent.[2] (*Id.* ¶¶ 23-25; Ex. C.) However, Mathai never purchased the Properties pursuant to this contract.[3]

---

[2] According to Defendants, "[i]t is also somewhat unclear as to exactly what Plaintiff Coyle was attempting to sell to Defendant Mathai. The properties were in foreclosure and a Receiver was in possession of the properties." (Defs' Br. at 10 n. 2.)

[3] While the Complaint does not explain why the sale never went to closing, Defendants state that the reason was because Nova Bank as the note holder did not approve the sale price. (Defs' Br. at 1 n.1.)

Instead, in July 2011, Mathai, through GNE I and GNE II, purchased the Properties from Nova Bank.  (*Id.* ¶ 34.)

On September 9, 2011, Plaintiffs initiated the instant action in this Court.  The Agreement contains a forum selection clause that provides: "All claims, controversies and disputes arising out of or relating to this Agreement shall be brought exclusively in the courts, state and Federal, located in Gloucester County, New Jersey."[4]  (Compl. Ex. A at 2.)

The Complaint alleges that "Mathai used confidential information protected under the Agreement . . . to leapfrog the Plaintiffs and obtain title to the Property through means not previously disclosed to or sanctioned by Coyle."  (*Id.* ¶ 37.)  In addition, Plaintiffs believe that "Mathai has used the confidential information he gained from Coyle to enter into negotiations to purchase Republic Bank's interest in other properties owned by Coyle, Sr.--without consulting or seeking the consent of Coyle, as is required under the Agreement."  (*Id.* ¶ 39.)

On October 4, 2011, Defendants filed a Motion to Dismiss the Complaint.  Defendant Daisy Mathai and the Entity Defendants move to dismiss for lack of personal jurisdiction and Defendant Mathai moves to dismiss for failure to state a claim.

---

[4]  The only apparent connection to New Jersey is that Plaintiff Coyle resides in Mount Laurel.  (Compl. ¶ 1.)

## II.

### A.

Plaintiff bears the burden of presenting evidence establishing a *prima facie* case of personal jurisdiction over each defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 94 (3d Cir. 2004). "'[P]laintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits and competent evidence. . . At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.'" *Machulsky v. Hall*, 210 F.Supp. 2d 531, 537 (D.N.J. 2002)(quoting *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990)). In the absence of an evidentiary hearing, only a *prima facie* showing is required and plaintiff is "entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97.

The framework for analyzing jurisdiction over the parties is well known. A federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey state law. *See* Fed. R. Civ. P. 4(e). New Jersey courts may exercise personal jurisdiction to the extent permitted by the United States Constitution. *Miller Yacht Sales*, 384 F.3d at 96.

Due process requires that each defendant have "minimum contacts" with the forum state (in this case New Jersey) and that the Court's exercise of jurisdiction over the parties comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Asahi Metal Indust. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Within this framework, personal jurisdiction may be examined under two distinct theories: general and specific jurisdiction. *See Remick v. Manfredy*, 238 F. 3d 248, 255 (3d Cir. 2001). "General jurisdiction is based upon the defendant's continuous and systematic contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Id.* at 255 (citations omitted). "A 'relationship among the defendant, the forum, and the litigation' is the essential foundation" of specific jurisdiction. *Helicopteros Nacionales de*

*Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

If it is determined that a defendant has purposefully established minimum contacts with the forum state, then it remains to be determined if exercise of specific jurisdiction would be reasonable and "comport with notions of fair play and substantial justice." *Asahi Metal*, 480 U.S. at 113. This determination requires evaluation of several factors, including the burden on the defendant, the interest of the forum state in resolving the dispute, and the plaintiff's interest in obtaining relief. *Id.*

### B.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations,

unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

### A.

Defendant Daisy Mathai and the Entity Defendants move to dismiss the Complaint arguing that the Court lacks personal jurisdiction over them. These Defendants argue that because the Agreement containing the forum selection clause was only signed

8

by Defendant Mathai individually, they have not consented to suit in New Jersey and also lack the necessary minimum contacts with the state. (Br. at 2.)

Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Only Defendant Mathai in his individual capacity signed the Agreement containing the forum selection clause and therefore is the only Defendant to have waived his right to contest personal jurisdiction.

Rather than making factual allegations or presenting evidence that would establish that the other Defendants have a connection to New Jersey or to the underlying dispute, Plaintiffs argue: "The entity Defendants are closely held corporations; Manilal and Daisy Mathai are the sole principals, officer, and shareholders of each entity Defendant. Mathai is attempting to use his corporations as a proxy for himself in order to avoid a forum selection clause to which he previously consented." (Pls' Opp. at 10.) Plaintiffs also argue that "Daisy Mathai may have directed the entity Defendants to act on such confidential information, with full knowledge that such information was protected under the Agreement. . . ." (*Id.* at 11.)

These arguments are ineffective for establishing a *prima facie* case of personal jurisdiction over Defendant Daisy Mathai and the Entity Defendants.  Plaintiffs have not made factual allegations that these Defendants have any contacts with New Jersey let alone the requisite minimum contacts, and it is undisputed that Defendant Mathai alone was the signatory to the Agreement with the forum selection clause.  Moreover, Plaintiffs' arguments about Defendant Mathai hiding behind his businesses and Defendant Daisy Mathai using confidential information make no sense in light of the breach of contract claims asserted in the Complaint.  If Defendant Mathai breached the Agreement by using confidential information to benefit the business entities which he owns, as Plaintiffs allege, or by disclosing confidential information to Defendant Daisy Mathai who is a third party[5], then Defendant Mathai, as the signatory to the Agreement, would be liable.  Plaintiffs have failed to make any factual allegations concerning Defendant Daisy Mathai and the Entity Defendants' potential liability for the breach of contract claims asserted in the Complaint, and the Court does not see how their inclusion in this action has any relevance to whether Defendant Mathai breached the Agreement that no one disputes he alone signed.

---

[5] The Court notes that the Complaint does not allege any claim based on Defendant Mathai's improper disclosure to a third party.

Plaintiffs have failed to meet their burden of establishing a *prima facie* case of personal jurisdiction over Defendant Daisy Mathai and the Entity Defendants.  Accordingly, Defendant Daisy Mathai and the Entity Defendants' Motion to Dismiss for lack of personal jurisdiction will be granted.

**B.**

Defendant Mathai moves to dismiss for failure to state a claim arguing that Coyle did not give and Defendant Mathai did not use confidential information in making any real estate purchases.

The Court agrees that Plaintiffs have failed to state a claim for breach of the Agreement against Defendant Mathai. First, neither the Complaint nor Plaintiff's opposition papers identify any confidential information that was allegedly disclosed by Coyle.  The Complaint states that the confidential information included "the identification of parties who had an interest, financial or otherwise, in the sale of the Properties." (Compl. ¶ 27.)  However, the identity of parties having a legal or financial interest in a property is a matter of public record and, as Defendants point out, the foreclosure proceedings on the Properties at issue here were a well-publicized matter of public record prior to the date of the Agreement.[6]

---

[6] Rather than clarifying the nature of the alleged confidential information in their opposition papers, Plaintiffs make the confusing assertion that "[t]he timing of events

11

Second, even assuming that confidential information was disclosed, Plaintiffs have not stated a claim for breach of the Agreement.  Plaintiffs argue that Defendant Mathai breached the Agreement by "exploit[ing] the Confidential Information" when he purchased the Properties from Nova Bank in July 2011 "through means not previously disclosed to or sanctioned by Coyle--all in direct violation of the express terms of the Agreement."  (Compl. ¶ 37, Ex. A.)  The express purpose of the Agreement was to ensure the confidentiality of information exchanged "for the purpose of preliminary business discussions relating to: any and all Real Estate Business transactions."  (*Id.* Ex. A.)  The Agreement includes no requirement that the real estate transactions involve Coyle as broker nor does it require that Coyle "sanction" Defendant Mathai's purchase of any real estate.  It is not clear to this Court how Defendant Mathai's 2011 purchase of the Properties violates the Agreement with the express purpose of exchanging information related to "any and all Real Estate Business transactions."

Plaintiffs have not alleged facts supporting a plausible claim that Defendant Mathai breached the Agreement in connection with his July 2011 purchase of the Properties.  Accordingly,

---

starting with the execution of the Agreement and Coyle's disclosure of confidential information makes clear that Coyle disclosed to Mathai information that would not otherwise have been available to Defendants."  (Pls' Opp. at 14.)

12

Defendant Mathai's Motion to Dismiss for failure to state a claim will be granted.

### IV.

For the reasons stated above, Defendant Daisy Mathai and the Entity Defendants' Motion to Dismiss for lack of personal jurisdiction will be granted.  Defendant Mathai's Motion to Dismiss for failure to state a claim will also be granted.  Plaintiff will be granted leave to file a motion to amend the Complaint within 30 days of this Opinion.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)(holding that district courts "must permit a curative amendment unless such an amendment would be inequitable or futile.").  An appropriate Order accompanies this Opinion.

Dated: November 18, 2011

                                     s/Joseph E. Irenas  
                                     **JOSEPH E. IRENAS, S.U.S.D.J.**